[Cite as *Ohio Div. of Wildlife v. Fan*, 2014-Ohio-4864.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio, Division of Wildlife | Court of Appeals No. S-14-025 |
| Appellee | Trial Court No. CRB 1400246 |
| v. | |
| Yiying Fan | **DECISION AND JUDGMENT** |
| Appellant | Decided:  October 31, 2014 |

* * * * *

Kyle R. Wright, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} Appellant, Yiying Fan, appeals the judgment of the Fremont Municipal Court, finding him guilty of snagging a walleye in violation of R.C. 1531.02 and ordering him to pay a fine of $110 plus court costs.

## A. Facts and Procedural Background

**{¶ 2}** On April 9, 2014, appellant was fishing for walleye on the Sandusky River in Fremont, Ohio. With the assistance of a high-powered spotting scope, an officer for the Ohio Division of Wildlife, Brian Bury, viewed appellant snagging a fish, an act that is prohibited under O.A.C. 1501:31-13-01(A)(9) and R.C. 1531.02.[1] Bury was approximately 400 feet from appellant at the time.

**{¶ 3}** A half hour later, Bury approached appellant and informed him that he was observed snagging a walleye. Bury then examined the fish and found that it was hooked between the eyes. Consequently, Bury seized the fish and issued appellant a citation charging him with taking or possessing walleye by a method other than angling, specifically, snagging.[2]

**{¶ 4}** Three weeks later, on April 30, 2014, a bench trial was held at which appellant appeared pro se. The state solicited testimony from Bury, who testified that he observed appellant reel in a fish that was snagged. He further testified that he examined the fish after approaching appellant and found that it was snagged. The seized fish was offered by the state as its sole exhibit and was examined at trial. During his testimony, Bury noted the snag marks on the fish.

---

[1] The Ohio Administrative Code defines "snagging" as "taking with a hook or hooks, so as to pierce and hook a fish in a part of the body other than inside the mouth." O.A.C. 1501:31-1-02(DDDDD).

[2] Notably, the citation alleges that appellant violated O.A.C. 1501:31-01(A)(9), a provision that does not exist in the Ohio Administrative Code. Upon further examination, it is clear that Bury was referring to O.A.C. 1501:31-13-01(A)(9), the code provision that prohibits snagging.

2.

**{¶ 5}** For his part, appellant offered his own testimony and the testimony of his friend, Haodong Wang, who was fishing alongside appellant at the time the incident occurred. Wang testified that appellant released seven or eight snagged fish throughout the course of the day. Further, he testified that appellant only retained fish that were legally caught.

**{¶ 6}** During his testimony, appellant denied that he retained any snagged fish. In an attempt to discredit Bury's testimony, appellant testified that it was scientifically impossible for Bury to view the placement of the hook in the fish from Bury's vantage point using a spotting scope. Appellant was permitted to offer such testimony after explaining to the court that he was a professor at Cleveland State University with advanced degrees in mathematics and statistics.

**{¶ 7}** At the close of the bench trial, the court found appellant guilty of snagging a walleye and ordered him to pay a fine of $110 plus court costs. It is from this order that appellant timely appeals.

### B. Assignment of Error

**{¶ 8}** On appeal, appellant assigns the following error for our review:

> The trial court committed error by finding Defendant-Appellant guilty because the judgment entry was not supported by sufficient credible evidence and it was against the manifest weight of the evidence.

## II. Analysis

**{¶ 9}** In his sole assignment of error, appellant argues that the trial court's judgment was not supported by sufficient evidence and was against the manifest weight of the evidence.

**{¶ 10}** In evaluating a claim of insufficient evidence, we must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶ 11}** In this case, appellant calls into question the procedures used by Bury to preserve the fish's chain of custody. Appellant notes that Bury did not testify that he tagged the fish at the time of its seizure. Despite his argument, appellant acknowledges that Bury testified that he saw appellant snag a walleye between the eyes and that there was a snag mark on the walleye he seized from appellant. Further, Bury testified that he placed the walleye in an evidence freezer upon seizing it, where it remained until it was removed by Bury so that it could be admitted into evidence at the trial. When viewing Bury's testimony in a light most favorable to the state, we conclude that a rational trier of fact could find that appellant snagged a walleye on the date in question.

**{¶ 12}** Furthermore, we hold that appellant's conviction is not against the manifest weight of the evidence. When reviewing a manifest weight claim,

4.

[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

**{¶ 13}** Here, Bury testified that he observed appellant snag a walleye. Further, he testified that the walleye that he seized from appellant contained evidence of a snag. Moreover, he stated that the seized fish had not been outside the evidence locker until the day of trial. Appellant calls the state's case into question, arguing that it does not account for the possibility that appellant released the fish during the 30-minute period between catching the fish and being approached by Bury. While it is certainly possible that appellant released several snagged fish during the day in question, (a fact to which both he and Wang testified), we cannot ignore the fact that Bury examined appellant's remaining fish and found one that was snagged. That fish was then seized, preserved, and presented to the court for examination. In light of such evidence, we do not find that this is the exceptional case in which the evidence weighs heavily against the conviction.

{¶ 14} Accordingly, appellant's sole assignment of error is not well-taken.

### III.  Conclusion

{¶ 15} For the foregoing reasons, the judgment of the Fremont Municipal Court is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                           _____

                                                         JUDGE

Arlene Singer, J.

                                                      _____

Stephen A. Yarbrough, P.J.                      JUDGE
CONCUR.

                                                      _____

                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.